# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE HURT, | ) |
| Plaintiff, | ) Case No. 2:17-cv-00314-MMD-GWF |
| vs. | ) **REPORT AND** |
| DONALD TRUMP, JR., | ) **RECOMMENDATION** |
| Defendant. | ) |

This matter is before the Court on Plaintiff's failure comply with the Court's Order (ECF No. 3).

Plaintiff is proceeding in this action *pro se* and he submitted a complaint on January 30, 2017. *See Complaint* (ECF No. 1-1). The Court issued a Screening Order (ECF No. 3) granting Plaintiff permission to proceed *in forma pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915(e). The undersigned found that Plaintiff's complaint was entirely illegible, unintelligible and was not completed on the court approved form. The Court allowed Plaintiff until October 13, 2017 to file an amended complaint. The Screening Order warned Plaintiff that failure to file an amended complaint would result in a recommendation to the district judge that this case be dismissed.

The Court's Screening Order was returned as undeliverable and the Court does not have another address for Plaintiff. *See* ECF No. 4. Local Rule of Practice LSR 2-2 provides that a "plaintiff must immediately file with the court written notification of any change of address. . . . Failure to comply with this rule may result in dismissal of the action with prejudice." Plaintiff has not provided the Court with an updated address or taken any other action to prosecute this case. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint be **dismissed** with prejudice for failure to comply with LSR 2-2 and failure to prosecute this case.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close this case and enter judgment accordingly,

DATED this 30th day of October, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).